IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE, AND BENEFIT OF EP EMPLOYMENT SERVICES, LLC d/b/a LABORMAX STAFFING, <br><br> Plaintiff, <br><br> vs. <br><br> BUILD MASTERS CONSTRUCTION, LLC, LIFECYCLE CONSTRUCTION SERVICES, LLC, and THE HANOVER INSURANCE COMPANY, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY <br><br> Defendants. | § § § § § § § § § § § § § § § § § § Cause No. 19-362 |

## COMPLAINT

Plaintiff, EP EMPLOYMENT SERVICES, LLC d/b/a LABORMAX STAFFING, ("LABORMAX") alleges as follows:

### JURISDICTION AND PARTIES

1. This Court has jurisdiction and venue. This Court has federal jurisdiction pursuant to §1331 of Title 28 of the United States Code because this case is brought under the Miller Act (40 U.S.C. § 270(a)-(e)). The other claims for relief are pendent, supplemental and inextricably intertwined with the claim under the Miller Act. The claims in this case concern a federal public works construction project, wherein Plaintiff, was an employee leasing company for subcontractor, BUILD MASTERS CONSTRUCTION, LLC, at the project, consisting generally of providing leased employees at the project known as Accessible Playgrounds at Main Child Development Center, Building No: 1730 and Logan Child Development Center - Building No. 3500, Fort Bliss, Texas 79906 and

      79924, bearing Task No.: NAFBA1-17-F-0014, Subcontract No.: 52450-0004, ("the Project"); thus, venue is proper in this United States District Court for the Western District of Texas.

2.   Plaintiff, EP EMPLOYMENT SERVICES, LLC d/b/a LABORMAX STAFFING, ("LABORMAX") is now, and was at all times mentioned in this complaint, a limited liability company duly organized and existing under and by virtue of the laws of the State of Texas with its principal office and business located in the City of El Paso, El Paso County, Texas.

3.   Defendant, BUILD MASTERS CONSTRUCTION, LLC ("BUILD MASTERS"), is, and at all times herein mentioned was, a duly organized limited liability company existing pursuant to the laws of the State of Texas with its principal place of business in El Paso, El Paso County, Texas and may be served by serving its manager, Sergio Hernandez, at 11436 Rojas Dr., Suite B-5, El Paso, Texas 79936 or at any other such place he/she may be found.

4.   Defendant, SERGIO HERNANDEZ, is an individual residing in El Paso County, Texas and doing business in El Paso County, Texas, and may be served by serving him with process at 11436 Rojas Dr., Suite B-5, El Paso, Texas 79936 or at any other such place he/she may be found.

5.   Defendant, ELIZABETH DEMBICKY, is an individual residing in El Paso County, Texas and doing business in El Paso County, Texas, and may be served by serving him with process at 11436 Rojas Dr., Suite B-5, El Paso, Texas 79936 or at any other such place he/she may be found.

6. Defendant, JACK DEMBICKY., is an individual residing in El Paso County, Texas and doing business in El Paso County, Texas, and may be served by serving him with process at 11436 Rojas Dr., Suite B-5, El Paso, Texas 79936 or at any other such place he/she may be found.

7. Defendant, LIFECYCLE CONSTRUCTION SERVICES, LLC ("LIFECYCLE"), is, and at all times herein mentioned was, a duly organized foreign for profit limited liability company existing pursuant to the laws of the State of Virginia with its principal place of business in Fredericksburg, Virginia and may be served by serving its registered agent, John F. McManus, Esq., at 725 Jackson Street, Suite 200, c/o Hirschler Fleischer, Fredrricksburg, VA 22401 or at any other such place he/she may be found.

8. Defendant THE HANOVER INSURANCE COMPANY (HANOVER), is now, and was at all times in this complaint mentioned, a corporation duly organized and existing under and by virtue of the laws of the State of New Hampshire with its principal office and business located in the City of Worcester, Massachusetts and may be served by serving its registered agent, CHARLES F. CRONIN, at 440 Lincoln Street, Worcester, MA 01653 or its President/Director, MARITA ZURAITIS, or its Treasurer, ANN K. TRIPP, or its Directors, FREDERICK H. EPPINGER, DAVID B. GREENFIELD, J. KENDALL HUBER, JOHN C. ROCHE, GREGORY D. TRANTER or BRYAN D. ALLEN at 440 Lincoln Street, Worcester, MA 01653 or at any other such place where he/she may be found.

### FIRST CAUSE OF ACTION
### (ACTION UPON MILLER ACT PAYMENT BOND)

9. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-8 as though fully set forth herein.

10. LIFECYCLE entered into a Prime Contract ("the Prime Contract") with Fort Bliss Department of the Army to perform the federal public works project known as Accessible Playgrounds at Main Child Development Center, Building No: 1730 and Logan Child Development Center - Building No. 3500, Fort Bliss, Texas 79906 and 79924, bearing Task No.: NAFBA1-17-F-0014, Subcontract No.: 52450-0004, ("the Project").

11. LABORMAX is informed and believes, and therefore alleges, that BUILD MASTERS CONSTRUCTION, LLC, (hereinafter "BUILD MASTERS") entered into a subcontract with LIFECYCLE to perform labor, materials and equipment at the above referenced Project.

12. LABORMAX is informed and believes, and therefore alleges, that HANOVER executed and delivered, as surety, a certain payment bond ("the Payment Bond") guarantying the payment to all persons supplying labor or materials in the prosecution of the work on the Project.

13. On or about August 1, 2018, and during the course, performance, and prosecution of the Project, LABORMAX, as subcontractor to BUILD MASTERS, entered into a written contract ("the Contract") with BUILD MASTERS wherein Plaintiff agreed to provide personnel services, generally described as leased employees, to BUILD MASTERS on the above referenced project as more particularly detailed on the Contract Agreement between LABORMAX's and BUILD MASTERS.

14. Pursuant to the Contract, BUILD MASTERS agreed to pay LABORMAX for the personnel services.

15. LABORMAX is informed and believes, and thereupon alleges, that it duly performed or was excused from performing all things and conditions on its part to be performed under the Contract.

16. LABORMAX is informed and believes, and thereupon alleges, that BUILD MASTERS breached the Contract and failed to pay for the personnel services provided by LABORMAX, leaving an unpaid balance now due and owing to LABORMAX in the sum of $514,675.23.

17. All conditions precedent to Plaintiff's claim have occurred.

18. LABORMAX duly performed or substantially performed all things and conditions on its part pursuant to the contract to be paid pursuant to the Payment Bond.

19. BUILD MASTERS, LIFECYCLE and HANOVER have not paid LABORMAX for said personnel services as aforesaid and the balance thereof unpaid the time of the commencement of this action is $514,675.23.

20. Less than one year and more than ninety days have elapsed after the date on which the last of said labor and materials were furnished.

21. Plaintiff seeks its reasonable and necessary attorney's fees on its Miller Act claim.

### SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

22. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-21 as though fully set forth herein.

23. Pursuant to the Contract, LABORMAX agreed to furnish personnel services to perform certain work at the project.

24. BUILD MASTERS agreed to pay LABORMAX for the personnel services for said labor and materials provided by the leased employees.

25. LABORMAX is informed and believes, and thereupon alleges, that it duly performed or was excused from performing all things and conditions on its part to be performed under the Contract.

26. LABORMAX, is informed and believes, and thereupon alleges, that Defendant, BUILD MASTERS breached the Contract, inter alia, by:

   a. failing to pay all amounts due under the Contract;

   b. failing to make timely and complete progress payments;

   c. failing to comply with the requirements of the implied covenants;

   d. failing to obtain and/or oversee the Project causing acts and/or omissions from third parties whose consent and cooperation was required to enable LABORMAX to timely perform;

   e. requiring LABORMAX to provide labor and services, other than those prescribed in the Contract without compensation therefore;

   f. requiring LABORMAX to provide labor and services, or to pay for others labor and services, or both beyond the requirements of the Contract without properly negotiating and issuing change orders therefore;

   g. failing to timely perform the things and conditions to be performed by Defendants on their part, including without limitation, the timely supply labor;

   h. interfering with or otherwise disrupting, and delaying the performance by LABORMAX of the Contract;

   I. exercising the authority and discretion allowed to Defendant under the Contract in an unreasonable, arbitrary and capricious manner.

27. As a direct and proximate result of the aforementioned breaches by Defendants, BUILD MASTERS, LIFECYCLE and HANOVER, LABORMAX:

   a. has not been paid the balance due under the Contract and has lost use of that money;

   b. has lost the use of progress payments which were not timely paid (31 U.S.C. § 3905(e)(4)) and the interest that would have been earned on the retention portion of those progress payments if that portion had been timely paid;

      c.      has lost profits that would have been earned on the Contract and that would have been earned on other contracts, but for the additional commitment required for this Contract;

      d.      incurred expenses to provide labor and services (plus overhead thereon and lost profits therefor) which were not required under the Contract;

      e.      incurred costs, expenses, and attorney's fees to collect amounts reasonably due from Defendants.

28. All of the above LABORMAX damages are in the amount of $514,675.23, plus prejudgment interest thereon at the lawful rate, plus applicable penalties under 31 U.S.C. §3905(e)(4). LABORMAX, has demanded payment from Defendants, however, Defendants have failed and refused, and continue to fail and refuse to pay. In addition to the above sums owing, LABORMAX seeks damages against BUILD MASTERS, SERGIO HERNANDEZ. ELIZABETH DEMBICKY and JACK DEMBICKY for labor and services preformed at the Ft. Irwin Project in the additional sum of $31,905.19.

29. In order to present this claim and prosecute this action, LABORMAX has been compelled to employ attorneys and seeks its reasonable and necessary attorney's fees on its breach of contract claim.

### THIRD CAUSE OF ACTION
### (ACCOUNT)

30. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-29 as though fully set forth herein.

31. In the alternative but without waiving the foregoing, at the special insistence and request of BUILD MASTERS, LABORMAX provided personnel services at the Project to BUILD MASTERS and LIFECYCLE.

32. LABORMAX sold such services in the regular course of its business in consideration whereof, BUILD MASTERS and LIFECYCLE promised and agreed to pay and became

bound and obligated to pay the prices therefore charged.

33. There is a balance due and owing on the account in the sum of $514,675.23.

34. Plaintiff seeks its reasonable and necessary attorneys fees for the presentation of this claim on account.

### FOURTH CAUSE OF ACTION
### (QUANTUM MERUIT)

35. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-34 as though fully set forth herein.

36. In the alternative, but without waiving the foregoing, LIFECYCLE and HANOVER with full knowledge and consent received the benefits of the services and materials furnished by LABORMAX.

37. Accordingly by implication LIFECYCLE and HANOVER agreed to pay LABORMAX the reasonable value of the personnel services provided by Plaintiff at the Project.

38. There is a balance due and owing on Plaintiff's quantum meruit in the sum of $514,675.23.

39. LABORMAX seeks reasonable and necessary attorney fees in the action on quantum meruit.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF CHAPTER 162 OF THE TEXAS PROPERTY CODE)
### (CONSTRUCTION TRUST FUND ACT)
### (BUILD MASTERS, LIFECYCLE, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY)

40. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-39 as though fully set forth herein.

41. Upon information and belief, BUILD MASTERS, LIFECYCLE, SERGIO

8

HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY have retained approximately $514,675.23 that its has been paid for services and employees provided by LABORMAX for the Project (LABORMAX Funds).

42. The LABORMAX Funds are "trust funds" as defined by Section 162 of the Texas Property Code.

43. LIFECYCLE and BUILD MASTERS are "trustees" of the LABORMAX Funds as defined by Section 162 of the Texas Property Code.

44. LABORMAX is a "beneficiary" of the trust funds as defined by Section 162 of the Texas Property Code.

45. LIFECYCLE and BUILD MASTERS have knowingly and/or intentionally retained, used, disbursed, or diverted approximately $514,675.23 in trust funds with the intent to deprive LABORMAX of the trust funds.

46. LABORMAX seeks reasonable and necessary attorney fees in this cause of action for Defendants violation of Chapter 162 of the Texas Property Code.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF 31 U.S.C.A. § 3901 *et. seq.*)
### (PROMPT PAYMENT ACT)

47. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 46 as though fully set forth herein.

48. LABORMAX alleges that BUILD MASTERS and LIFECYCLE have failed to comply with 31U.S.C.A. § 3905 *et. seq.* as BUILD MASTERS and LIFECYCLE have failed to make payments promptly to LABORMAX.

49. LABORMAX seeks interest pursuant to 31 U.S.C.A. § 3905 and § 3902(a) on the approximately $514,675.23 BUILD MASTERS and LIFECYCLE have failed to pay

LABORMAX.

50. LABORMAX seeks reasonable and necessary attorney fees in this cause of action for violation of 31 U.S.C.A. § 3905 *et. seq.*

## SEVENTH CAUSE OF ACTION
### THEFT LIABILITY ACT AGAINST BUILD MASTERS

51. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-50 as though fully set forth herein.

52. Defendant, BUILD MASTERS' conduct violates the Texas Liability Act as they are liable for the theft of Plaintiff's funds in the sum of $514,675.23 whom they took intentionally as this amount was included in the contract amount. The damage is the loss of $514,675.23. Punitive damages and attorney's fees should be assessed against Defendant, BUILD MASTERS, for this theft.

## EIGHTH CAUSES OF ACTION
### MONEY HAD AND RECEIVED AGAINST DEFENDANTS, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY

53. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-52 as though fully set forth herein.

54. Defendants, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY, intentionally asserted dominion and control over money rightly owned and possessed by Plaintiff, thereby permanently depriving Plaintiff of possession.

55. The assertion by Defendants, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY, was wrongful, unjustified and without authority or consent.

56. Defendants, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY

AND JACK DEMBICKY, now hold such money that in equity and good conscience belongs to Plaintiff.

57. As a direct and proximate result of the foregoing, Plaintiff has been harmed in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff sues Defendants, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY. Plaintiff seeks reasonable and necessary attorney's fees in its cause of action on money had and received by Defendants, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY.

58. Such harm resulted from the malicious conduct of Defendants, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY, within the meaning of Section 41.001 et. seq. of the Texas Civil Practice & Remedies Code. Plaintiff is therefore entitled to recover exemplary damages against Defendants, BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY AND JACK DEMBICKY, jointly and severally, in an amount up to the greater of the following: (a) $200,000; or (b) two times the amount of economic damages plus the amount of non-economic damages that do not exceed $750,000.

## CONDITIONS PRECEDENT

59. Plaintiff, LABORMAX, hereby incorporates by reference paragraphs 1-58 as though fully set forth herein.

60. All conditions precedent have been performed, have occurred, or have otherwise been satisfied.

**WHEREFORE PREMISES CONSIDERED**, LABORMAX prays for judgment as follows:

1. for judgment against Defendants, BUILD MASTERS, LIFECYCLE, HANOVER on the payment bond, SERGIO HERNANDEZ, ELIZABETH DEMBICKY and JACK DEMBICKY, joint and severally, in the amount of $514,675.23;

2. for pre-judgment and post-judgment interest thereon at the prevailing legal rate;

3. for statutory penalties pursuant to 31 U.S.C. § 3905(e)(4) and as otherwise allowed by law;

4. interest pursuant to Chapter 162 of the Texas Property Code;

5. for attorney's fees through trial and appeal, plus costs;

6. for such other and further relief as the Court deems just and proper; and

7. exemplary damages against BUILD MASTERS, LIFECYCLE, SERGIO HERNANDEZ, ELIZABETH DEMBICKY and JACK DEMBICKY.

8. for judgment against BUILD MASTERS, SERGIO HERNANDEZ, ELIZABETH DEMBICKY and JACK DEMBICKY for labor and services preformed at the Ft. Irwin Project in the sum of $31,905.19.

Respectfully submitted,

Micah D. Miller, Esq.
2110 W. Slaughter Lane #160
Austin, Texas 78748
(915) 525 2444

By: /s/

Micah D. Miller
State Bar No. 24070279
micah@millerbusinesslasw.net
*Attorney for Plaintiff*